IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Criminal Action No. |
| *v.* | 1:11-CR-165-SDG-ECS-1 |
| JOSE LINARES | |

**Government's Response in Opposition to Defendant's Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(2)**

The United States of America, by Ryan K. Buchanan, United States Attorney, and Sarah E. Klapman, Assistant United States Attorney for the Northern District of Georgia, files this response in opposition to Defendant Linares's Motion for Sentence Reduction. Because Defendant is not eligible for this relief, the motion should be denied.

**A. Background**

In May 2011, Defendant Linares pleaded guilty to conspiracy to possess with intent to distribute at least 500 grams of methamphetamine and at least 50 kilograms of marijuana in violation of Title 21, United States Code, Sections 846, 841(a)(1), and 841(b)(1)(C) (Doc. 21). His original guidelines were calculated as follows:

| | |
|---|---|
| Base offense level: | 38 |
| Importation: | +2 |
| Role: | +2 |
| Acceptance: | -3 |

Total offense level:                     38[1]
Criminal history points:              0
Criminal history category:          I
**Custody guideline range:          235 to 293 months**

*See* Exhibit 1, chart prepared by the United States Probation Office. Defendant

was then sentenced to 235 months' imprisonment with supervised release to

follow (Doc. 33). He has now filed a *pro se* motion seeking a sentence reduction

under Amendment 821 to the United States Sentencing Guidelines.

**B.  Eligibility**

In Part B, Subpart 1 to Amendment 821 to the Sentencing Guidelines, the

Sentencing Commission added USSG § 4A1.1(c), providing a 2-offense-level

reduction for certain offenders who have zero criminal history points, but only if

they qualify by establishing each of ten separate requirements. The new

provision states:

§ 4C1.1. Adjustment for Certain Zero-Point Offenders
(a) ADJUSTMENT.—If the defendant meets all of the following criteria:

(1) the defendant did not receive any criminal history points from Chapter
Four, Part A;
(2) the defendant did not receive an adjustment under §3A1.4 (Terrorism);
(3) the defendant did not use violence or credible threats of violence in
connection with the offense;
(4) the offense did not result in death or serious bodily injury;
(5) the instant offense of conviction is not a sex offense;
(6) the defendant did not personally cause substantial financial hardship;

---

[1] The Court also downwardly varied one level pursuant to the plea agreement
and included that variance in the ultimate guideline calculation.

(7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
(8) the instant offense of conviction is not covered by §2H1.1 (Offenses Involving Individual Rights);
(9) the defendant did not receive an adjustment under §3A1.1 (Hate Crime Motivation or Vulnerable Victim) or §3A1.5 (Serious Human Rights Offense); and
(10) the defendant did not receive an adjustment under §3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848;

decrease the offense level determined under Chapters Two and Three by 2 levels.

The Commission later made this change retroactive as of February 1, 2024. *See* § 1B1.10(e)(2) (Nov. 1, 2023).

Defendant presents the current motion pursuant to 18 U.S.C. § 3582(c)(2). That section provides that a court may, in its discretion, reduce the sentence of a defendant whose Sentencing Guidelines range has been lowered by a retroactively applicable Sentencing Guidelines amendment, where the reduction is consistent with the sentencing factors of § 3553(a) and any applicable policy statements:

[I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

In Section 1B1.10 of the Guidelines, the Sentencing Commission has identified the amendments which may be applied retroactively pursuant to this authority, including Part B, Subpart 1 of Amendment 821, and articulated the proper procedure for implementing those amendments. Section 1B1.10(b)(2)(A) provides: "Except as provided in subdivision (B) [related to substantial assistance], the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1) of this subsection," that is, the range produced by application of the retroactive guideline amendment.

In *Dillon v. United States*, 560 U.S. 817 (2010), the Supreme Court addressed the process for application of a retroactive guideline amendment, emphasizing that Section 1B1.10 is binding. The Court declared: "Any reduction must be consistent with applicable policy statements issued by the Sentencing Commission." *Id.* at 821. The Court required district courts to follow a two-step approach:

At step one, § 3582(c)(2) requires the court to follow the Commission's instructions in §1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized. Specifically, §1B1.10(b)(1) requires the court to begin by "determin[ing] the amended guideline range that would have been applicable to the defendant" had the relevant amendment been in effect at the time of the initial sentencing. "In making such determination, the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected." *Ibid.*

Consistent with the limited nature of § 3582(c)(2) proceedings, §1B1.10(b)(2) also confines the extent of the reduction authorized. Courts generally may "not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range" produced by the substitution. §1B1.10(b)(2)(A). . . .

At step two of the inquiry, § 3582(c)(2) instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case.

*Dillon*, 560 U.S. at 827.

In this case, Defendant was a zero-point offender. But he received an upward adjustment for his role as an organizer, leader, manager, or supervisor in the offense (PSR, ¶ 36). As a result, he is excluded from relief pursuant to U.S.S.G. § 4C1.1(a)(10). Given that Defendant is ineligible for relief, the Court need not address whether the 3553(a) factors would support a reduced sentence and should instead deny the motion without further analysis.

## Conclusion

For the reasons discussed above, Defendant's motion should be denied.

Respectfully submitted,

RYAN K. BUCHANAN
*United States Attorney*


/s/SARAH E. KLAPMAN
    *Assistant United States Attorney*
Georgia Bar No. 437221
sarah.klapman@usdoj.gov

600 U.S. Courthouse, 75 Ted Turner Drive S.W., Atlanta, GA 30303
(404) 581-6000   fax (404) 581-6181

**Certificate of Service**

The United States Attorney's Office served this document today by sending a copy by first class mail with sufficient postage to:

> Jose Linares
> Reg No 62717-019
> Elkton FCI
> Inmate Mail/Parcels
> P.O. Box 10
> Lisbon, OH 44432

May 29, 2024

/s/ SARAH E. KLAPMAN

SARAH E. KLAPMAN
*Assistant United States Attorney*